# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE-OPELOUSAS DIVISION

| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 08-00011 |
|---|---|
| VS. | JUDGE DOHERTY |
| EMANUEL CHARLES, III | MAGISTRATE JUDGE METHVIN |

### RULING ON MOTION TO SEVER
*(Rec. Doc. 47)*

Before the court is defendant's Motion to Sever Count 4 of the Indictment or Alternatively, to Bifurcate Possession of Ammunition by a Convicted Felon. The motion is opposed.[1]

### *Background and Argument*

Defendant is charged by indictment with one count each of the following offenses: Count 1 - Possession with Intent to Distribute 50 grams or more of cocaine base or crack, 21 U.S.C. §841(a)(1) and 841(b)(1)A); Count 2 - Possession with Intent to Distribute Cocaine, 21 U.S.C. §841(a)(1) and 841(b)(1); Count 3 - Maintaining a Drug-involved Premises, 21 U.S.C. §856(a)(2); Count 4 - Possession of Ammunition by a Convicted Felon, 18 U.S.C. §922(g)(1); Count 5 - Forfeiture of Cash Proceeds of approximately $7,500.00, 21 U.S.C. §853; Count 6 - Forfeiture of Ammunition, 18 U.S.C. §924(d)(1).

On August 20, 2008, the district judge issued a Memorandum Ruling (rec. doc. 54), granting the defendant's objection to the admissibility of Fed. R. Crim. P. 404(b). Specifically, and relevant to the motion to sever, the district judge ruled that the government could not introduce evidence of defendant's prior felony conviction for possession with intent to distribute

---

[1] Ruling on this motion was delayed pending ruling on the motion to suppress, as granting the defendant's motion to suppress would have mooted the motion to sever. A recommendation has now been issued that the motion to suppress be denied.

cocaine, which forms the basis for the current felon in possession count.  The district judge found the prior conviction was relevant to proving intent to commit the charged offenses, but was more than 15 years old, when defendant was only 20 years old.  The district judge reasoned "[d]ue to its temporal remoteness and the government's 'strong case on the intent issue,' the Court finds the probative value of defendant's fifteen year old conviction is outweighed by the prejudice which likely would result from its admission."[2]

In his motion, defendant moves to sever Count 4, Possession of Ammunition by a Convicted Felon, 18 U.S.C. 922(g)(1), from the remaining counts in the indictment and to have a separate trial on this offense.  Alternatively, defendant moves to bifurcate the trial of this count, permitting presentation to the jury of all necessary elements of proof under 18 U.S.C. §922(g)(1), except the element of defendant's prior conviction, which would be determined by the jury after the first verdict.  Defendant argues his prior conviction for possession with intent to distribute cocaine is over 15 years old, and when joined with the other offenses charged, is substantially and unfairly prejudicial and will influence the jury to convict him on the other offenses charged

In opposition, the government argues the felon in possession of ammunition count was properly joined with the drug counts.  Both were based on the same act or transaction, as the ammunition was found in the same location as the drugs as a result of the same search warrant.  The government argues judicial efficiency would not be served if Count 4 were severed, as the government would have to call the same witnesses and present the same case twice.  The government further argues a limiting instruction to the jury would nullify any prejudice to the defendant, and the government's evidence against the defendant is overwhelming, so that "the

---

[2]*Memorandum Ruling*, (rec. doc. 54), p. 11.

impact of the jury having knowledge that the defendant is a convicted felon would be negligible."[3]

As an alternative to severance, the government offers to stipulate defendant has a felony conviction punishable by one (1) year or more in jail, and the government "will not go into the facts or circumstances surrounding the defendant's underlying conviction, nor will it mention what the underlying conviction was for unless the defendant takes the stand."[4]

*Applicable Law and Discussion*

The initial inquiry to be made in determining whether to grant a motion to sever is whether the initial joinder is proper under Federal Rule of Criminal Procedure 8(a). United States v. Holloway, 1 F.3d 307, 310 (5th Cir.1993). Under Rule 8(a), offenses may be charged in the same indictment when they "(1) are of the same or similar character, or (2) are based on the same act or transaction, or (3) are connected together or constitute parts of a common scheme or plan." Id. Joinder of charges is the rule rather than the exception, and Rule 8 is broadly construed in favor of joinder. Bullock, 71 F.3d at 174

In United States v. Mays, 466 F.3d 335, 340-341 (5th Cir. 2006), the court reviewed Fifth Circuit Case law on Fed. R. Crim. P. 8(a) as follows:

> Our caselaw has focused on the requirement in Rule 8(a) that the charged offenses be part of the "same act or transaction," and we have found abuse where that nexus was lacking. See Butler, 429 F.3d at 146-47 (holding that a "transaction" for purposes of Rule 8(a) "may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship"). We found no abuse in Bullock when a weapon was found in the trunk of the getaway car hours after a robbery. See 71 F.3d at 175. We

---

[3] *Government's Response to Defense Motion to Sever Count 4 of the Indictment or Alternatively, Motion to Bifurcate Possession of Ammunition by a Convicted Felon,* (Rec. Doc. 61), p. 3.

[4] *Ibid.*, p. 4.

reasoned that "a factfinder could infer that Bullock had the gun so that it would be available to him during the robbery and escape." Id. When firearms are found during the investigation of an offense, joinder of the gun charges is appropriate. See id. at 175 (citing United States v. Fortenberry, 919 F.2d 923, 926 (5th Cir.1990); United States v. Park, 531 F.2d 754, 761 (5th Cir.1976)).

In Mays, the police found and seized power and crack cocaine, firearms, ammunition, a bulletproof vest, digital scales and a measuring cup in a duffel bag belonging to defendant. The defendant had a prior felony conviction, and the district court denied his motion to sever the felon in possession count. On appeal, the court found "[t]he transactional relationship between the charges is particularly strong here because the police found the cocaine, firearms, ammunition, and bulletproof vest pursuant to the same search warrant. Joinder was proper." Mays, 466 F.3d 335, 341 (5th Cir. 2006).

In the present matter, while the ammunition and drugs were found pursuant to the same search warrant, that is the end of the connection. There was no firearm found, either on Charles' person, apartment or in his vehicle, and is unclear how a box of ammunition, standing alone, could be used in furtherance of his alleged drug trafficking. However, the ammunition was found under the same search warrant, and therefore the undersigned finds the charges are based, albeit tenuously, on the same act or transaction. Therefore, the next inquiry is whether Count 4 should be severed or bifurcated.

Rule 14 provides that if it appears that a defendant is prejudiced by a joinder of offenses, the court may order a separate trial of the counts, or "provide any other relief justice requires." Fed.R.Crim.P. 14(a); United States v. Singh, 261 F.3d 530 (5th Cir. 2001). There are obvious dangers, long recognized, inherent in trying a felon-in-possession count with other charges. ". . . 'evidence of a prior conviction has long been the subject of careful scrutiny and use at trial'

because of the danger that the jury might convict, no based on the evidence, but because it feels that the defendant is a 'bad person.'" United States v. McCarter, 316 F.3d 536 (5th Cir. 2002), citing United States v. Singh, 261 F.3d at 534 (5th Cir. 2001).

In determining whether the to grant a motion to sever, the court must consider whether inclusion of the felon-in-possession charge would result in an inference that defendant is a "bad person," and if it so appears, the "efficacy of the limiting measures taken by the trial court [and] the strength of the evidence of the defendant's guilt" in determining whether Charles will be prejudiced. United States v. Furlow, 2006 WL 1371595 (W.D.La.2006), citing United States v. McCarter, 316 F.3d 536, 538-39 (5th Cir, 2002); United States v. Davis, 124 Fed.Appx. 838, 845 (5th Cir. (La) 2005).

In this case, the district judge previously ruled the prior felony conviction could not be introduced as evidence in the trial. As stated above, and in that ruling, the prior felony is over 15 years old, occurred when defendant was only 20 years old, and did not involve the use of firearms or ammunition. The government's concession to introduce only the fact of his felony conviction, without mention of the facts, circumstance, or what the underlying conviction was for, will not cure the prejudice, as the jury may well imagine the nature of the felony to be more severe, recent, and relevant than it actually is.

The defendant has agreed to bifurcation of the trial of the felon in possession count as an alternative to severance, and government has not offered direct opposition. This approach has been followed in this district, using United States v. Nguyen, 88 F.3d 812 (9th Cir. 1996)[5], for the

---

[5]This court, and the court in Furlow, found no Fifth Circuit case addressing bifurcation of a felon in possession charge.

proposition that "'severance or bifurcation is the preferred alternative' to protect a defendant from the prejudice that can result from trying a felon in possession charge with other unrelated felony charges. United States v. Furlow, 2006 WL 1371595 (W.D.La.2006), citing United States v. Nguyen, 88 F.3d at 818 (9th Cir. 1996).[6]  In bifurcating the felon in possession count, all necessary elements of proof under 18 U.S.C. § 922(g)(1), except the element of the defendant's prior conviction, will be presented to the jury first. If the jury finds possession of the ammunition, then they will be asked to consider the prior felony conviction.

For the reasons give above,

**IT IS ORDERED** that defendant's Motion to Sever Count 4 of the Indictment or Alternative, Motion to Bifurcate Possession of Ammunition by a Convicted Felon (rec. doc. 47) is **GRANTED AS FOLLOWS**:

1) The trial of the elements of Count 4, Possession of Ammunition by a Convicted Felon, will be bifurcated. All necessary elements of proof under 18 U.S.C. §922(g)(1), except the prior felony conviction, will be presented to the jury first. If the jury finds possession of the ammunition, they will then consider the prior felony conviction.

2) All other relief requested is **DENIED**.

Signed at Lafayette, Louisiana, on June 16, 2009.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)

---

[6] See also United States v. Ceasar, 2006 WL 1312481 (W.D.La.2006).