UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 6:08-cr-00011-01 |
| | CIVIL ACTION NO. 6:13-cv-03145 |
| VERSUS | JUDGE DOHERTY |
| EMANUEL CHARLES, III | MAGISTRATE JUDGE HANNA |

## REPORT AND RECOMMENDATION

Pending before this Court is Emanuel Charles, III's motion, brought pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence. (Rec. Doc. 211). The matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court. Having found that the motion lacks merit, the undersigned recommends that the motion be denied.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Mr. Charles was indicted on January 16, 2008, and charged with possession of cocaine base with intent to distribute, maintaining a drug-involved premises, possession of ammunition by a convicted felon, and two forfeiture counts. (Rec. Docs. 1, 2). On November 30, 2008, Mr. Charles pleaded guilty to Counts 1 and 2 of the indictment, which charged him with possession with intent to distribute cocaine

and cocaine base in violation of 21 U.S.C. § 841(a)(1).  (Rec. Docs. 132, 133).  The stipulated facts set forth in the plea agreement establish that Mr. Charles was in possession of 185 grams of cocaine base and 174 grams of powder cocaine when his vehicle and home were searched by law enforcement officials on April 20, 2007. (Rec. Doc. 133-2 at 3).

On June 21, 2011, Mr. Charles was sentenced to 240 months of imprisonment on Count 1, and 87 months of imprisonment on Count 2, to run concurrently.  (Rec. Doc. 174 at 1; Rec. Doc. 177).  Mr. Charles was also sentenced to serve ten years of supervised released following his imprisonment with regard to Count 1 and six years with regard to Count 2, the periods of supervised release to run concurrently.  (Rec. Doc. 174 at 1 at 3).  The remaining counts of the indictment were dismissed.  (Rec. Doc. 177 at 1).

Mr. Charles appealed his conviction and sentence.  On October 8, 2012, the United States Court of Appeals for the Fifth Circuit affirmed his conviction but vacated the sentence on Count 1, the cocaine base conviction, and remanded the matter so that Mr. Charles could be resentenced on that count.  (Rec. Doc. 197 at 3). The Fair Sentencing Act of 2010 ("the FSA") increased from fifty grams to 280 grams the amount of crack cocaine a defendant must possess before he is subject to a ten-year mandatory minimum sentence.  (Rec. Doc. 197 at 4).  In *United States v. Dorsey*,

___ U.S. ___, 132 S.Ct. 2321 (2012), the United States Supreme Court "held that the penalties prescribed by the FSA apply to sentences imposed after the FSA's enactment."  (Rec. Doc. 197 at 4).  The Fifth Circuit noted that Mr. "Charles committed his crack cocaine offense in April 2007, and he was sentenced in June 2011.  Thus, *Dorsey* requires that Charles be sentenced under the FSA."  (Rec. Doc. 197 at 4).

On December 13, 2012, Mr. Charles was resentenced.  This time, he was sentenced to serve ten years of imprisonment on Count 1 and 87 months of imprisonment on Count 2, to run concurrently (Rec. Doc. 203 at 2; Rec. Doc. 217 at); he was also sentenced to serve ten years of supervised release following his release from incarceration with regard to Count 1 and six years of supervised release with regard to Count 2, the periods of supervised release to run concurrently (Rec. Doc. 203 at 3).

## ISSUE PRESENTED

In the instant motion, Mr. Charles contends that he received ineffective assistance of counsel at resentencing because his counsel failed to object to the court's failure to utilize the factors set forth in 18 U.S.C. § 3553(a) in determining the length of his supervised release.  He claims that, because his counsel failed to object to the Court's failure to address the Section 3553(a) factors, he was sentenced to ten

-3-

years of supervised release when he could have been sentenced to as little as eight years of supervised release.

APPLICABLE LAW AND DISCUSSION

**A.    THE TIMELINESS OF THE MOTION**

The pending motion is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA.")[1]   The AEDPA requires a prisoner in federal custody, such as Mr. Charles, to bring his motion for collateral relief no later than one year after the latest of four potential dates.[2]   In his motion, Mr. Charles argues that his motion is timely.   He contends that his judgment of conviction became final on December 28, 2012.  (Rec. Doc. 211 at 12).   The Government does not argue that Mr. Charles's motion is untimely.

**B.    PROCEDURAL DEFAULT**

Mr. Charles could have raised the issue presented here in a direct appeal from his resentencing,[3] but he did not do so.   Therefore, it could be argued that the claim

---

[1]    *United States v. Orozco-Ramirez,* 211 F.3d 862, 866 (5th Cir. 2000).

[2]    28 U.S.C.A. § 2255(f).

[3]    See, e.g., *Blue v. Thaler*, 665 F.3d 647, 668 (5th Cir. 2011) ("Blue exhausted this claim by raising it as point of error number thirty-four in his direct appeal from the re-sentencing. . . ."); *United States v. Gonzalez*, 540 F. App'x 346, 346 (5th Cir. 2013) ("Gonzalez appeals the 110–month sentence of imprisonment he received following remand for resentencing. . . ."); *United States v. Calhoun*, 543 F. App'x 439 (5th Cir. 2013); *United States v. Ross*, No. 12-11021, 2014 WL 5012706, at *1 (5th Cir. Oct. 8, 2014); *McGinnis v. Cain*, No. 13-CV-2311, 2014 WL 897782, at *2 (W.D. La. Mar. 6, 2014).

asserted here is procedurally barred from collateral review absent cause for the default and actual prejudice as a result.[4]  In its brief, the Government noted, in general terms, that a collateral challenge may not do service for an appeal and that the defendant may be procedurally barred from raising issues collaterally because collateral review is fundamentally different from and cannot replace a direct appeal. (Rec. Doc. 218-1 at 3).  However, the Government did not argue that Mr. Charles's motion is procedurally barred because he failed to file a direct appeal following his resentencing.  Therefore, the Government may have waived the issue.[5]

A court may invoke procedural default *sua sponte*, but only after considering whether the convicted person was notified that procedural default was being considered, whether the convicted person had a reasonable opportunity to argue against application of the procedural bar, and whether the Government intentionally waived the defense.[6]

Because the Government did not expressly argue procedural default in its response to Mr. Charles's motion, and because Mr. Charles has not otherwise been

---

[4]     *United States v. Robinson*, 323 F. App'x 340, 341 (5th Cir. 2009).

[5]     See, e.g., *Cates v. United States*, No. 3:13-CV-1130-G BH, 2014 WL 3404963, at *5 (N.D. Tex. July 11, 2014) ("The Government may also waive the procedural bar defense."), citing *United States v. Willis*, 273 F.3d 592, 597 (5th Cir. 2001).  See, also, *Smith v. Johnson*, 216 F.3d 521, 523-24 (5th Cir. 2000).

[6]     *United States v. Willis*, 273 F.3d at 597; *Smith v. Johnson*, 216 F.3d at 523-24.

notified that procedural default would be considered or given an opportunity to argue against it, the undersigned has not determined, in this report and recommendation, whether the Government waived the procedural bar issue or whether the ineffective assistance of counsel claim asserted in the instant motion is procedurally barred. Instead, the undersigned analyzed the merits of Mr. Charles's claim and determined that it lacks merit.

## C.   THE SCOPE OF § 2255 RELIEF

Following conviction and exhaustion or waiver of the right to file a direct appeal, the court presumes that a defendant stands fairly and finally convicted.[7] Under 28 U.S.C. § 2255, there are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence:  (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack.[8]  Relief under Section 2255 is reserved for transgressions of constitutional rights and for a narrow

---

[7]     *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998); *United States v. Shaid*, 937 F.2d 228, 231–32 (5th Cir. 1991); *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001).

[8]     28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996).

range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.[9]

Issues that are raised and disposed of in a direct appeal from an original judgment of conviction are not considered in Section 2255 motions.[10]  Likewise, the failure to raise a claim at trial or on appeal generally results in a waiver of the claim.[11] "A defendant may not raise an issue [constitutional or jurisdictional in nature] for the first time on collateral review without showing both 'cause for his procedural default, and 'actual prejudice' resulting from the error."[12]  "We apply this rigorous standard in order to ensure that final judgments command respect and that their binding effect does not last only until 'the next in a series of endless postconviction collateral attacks.'"[13]

---

[9]     *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992); *United States v. Acklen*, 47 F.3d 739, 741 (5th Cir. 1995); *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994).

[10]     *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986)*; United States v. Segler*, 37 F.3d at 1134.

[11]     *United States v. Vaughn*, 955 F.2d at 368; *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995).

[12]     *United States v. Segler,* 37 F.3d. 1133, (quoting *United States v. Shaid*, 937 F.2d at 232).

[13]     *United States v. Shaid*, 937 F.2d at 232, (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

There are three recognized exceptions to the cause and prejudice requirement: (1) extraordinary cases in which a constitutional error has probably resulted in the conviction and incarceration of someone who is actually innocent;[14] (2) cases in which the government fails to object to the consideration of newly-raised issues;[15] and (3) cases raising certain constitutional claims that may only be adequately addressed on collateral attack, such as ineffective assistance of trial counsel.[16]  Otherwise, "[i]f the error is not of constitutional or jurisdictional magnitude, the defendant must show the error would result in a complete miscarriage of justice."[17]

## D.   INEFFECTIVE ASSISTANCE OF COUNSEL

The Sixth Amendment guarantees criminal defendants the "right to effective assistance of counsel at every critical stage of the proceedings against them."[18]  When a defendant collaterally attacks his conviction or sentence based on the effectiveness of his counsel, he has the burden of proving by a preponderance of the evidence that

---

[14]     *United States v. Carrier*, 477 U.S. at 496; *United States v. Shaid*, 937 F.2d at 232.

[15]     *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996).

[16]     *United States v. Riascos*, 76 F.3d 93, 94-95 (5th Cir. 1996).

[17]     *United States v. Segler*, 37 F.3d at 1133 (quoting *United States v. Schaid,* 937 F.2d at 232 n.7).

[18]     *Burdine v. Johnson*, 262 F.3d 336, 344 (5th Cir. 2001).

his constitutional rights have been violated.[19]   The right to effective counsel "is denied when a defense attorney's performance falls below an objective standard of reasonableness and thereby prejudices the defense."[20]

To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate: (1) that his attorney's representation was deficient because it fell below an objective standard of reasonableness; and (2) that the attorney's deficient performance prejudiced the defendant.[21]   The defendant bears the burden of establishing both prongs of the test, and failure to establish either prong is fatal to the claim.[22]   The parts of the test need not be analyzed in any particular order, and there is no need to consider the remaining part once an insufficient showing has been made concerning the other one.[23]

In analyzing the professional competence aspect of the test, judicial scrutiny of an attorney's performance must be "highly deferential," and the court must make

---

[19]     *Johnson v. Zerbst*, 304 U.S. 458, 469 (1938); *James v. Cain*, 56 F.3d 662, 667 (5th Cir. 1995); *Bruce v. Estelle*, 536 F.2d 1051, 1058 (5th Cir. 1976).

[20]     *Yarborough v. Gentry*, 540 U.S. 1, 4 (2003).

[21]     *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  See, also, *United States v. Franks*, 230 F.3d 811, 813 (5th Cir. 2000); *United States v. Garcia*, 77 F.3d 857, 859 (5th Cir. 1996).

[22]     *United States v. Franks*, 230 F.3d at 813; *Tucker v. Washington*, 115 F.3d 276, 280 (5th Cir. 1997).

[23]     *Goodwin v. Johnson*, 132 F.3d 162, 173 at n. 6 (5th Cir. 1998).

-9-

every effort "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's alleged conduct, and to evaluate the conduct from counsel's perspective at the time."[24]  There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[25]

To satisfy the prejudice aspect of the test, the defendant must demonstrate that his attorney's actions or inactions were "so serious as to render the proceedings unreliable and fundamentally unfair."[26]  "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error did not prejudice the defense."[27]  Prejudice is demonstrated only if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."[28]

---

[24]    *Strickland v. Washington*, 466 U.S. at 689.

[25]    *Strickland v. Washington*, 466 U.S. at 689.

[26]    *United States v. Patten*, 40 F.3d 774, 777 (5th Cir. 1994).  See, also, *United States v. Saenz-Forero*, 27 F.3d 1016, 1021 (5th Cir. 1994), (citing *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993)).

[27]    *Ricalday v. Procunier*, 736 F.2d 203, 208 (5th Cir. 1984).

[28]    *Strickland v. Washington*, 466 U.S. at 694.

A petitioner's allegations of ineffective assistance of counsel must be supported by the record,[29] and bald, conclusory allegations are insufficient.[30]

## D.   Mr. Charles's Claim Lacks Merit

Mr. Charles agreed to plead guilty to two substantive charges of violating 21 U.S.C. § 841.  The plea agreement explains that the penalty for Count 1 included an imprisonment term of a mandatory minimum of ten years to life with a mandatory term of five years supervised release, while the penalty for Count 2 included an imprisonment term of up to twenty years with a mandatory three years of supervised release.  (Rec. Doc. 133 at 2-3).  The plea agreement also explains that if the Court were to find that Mr. Charles had a prior felony drug conviction, the statutory penalties for both counts would change so that the imprisonment term for Count 1 would be a mandatory minimum of twenty years up to life with a mandatory ten years of supervised release, and the imprisonment term for Count 2 would be an imprisonment term of up to thirty years with a mandatory six years of supervised release.  (Rec. Doc. 133 at 3).  The Court found that Mr. Charles had a prior felony drug conviction.  (Rec. Doc. 192 at 103, 105).  Therefore, with regard to Count 1, the

---

[29]     *United States v. Johnson*, 679 F.2d 54, 58 (5th Cir. 1982).

[30]     *United States v. Demik*, 489 F.3d 644, 646-47 (5th Cir. 2007); *Sayre v. Anderson*, 238 F.3d 631, 636 (5th Cir. 2001); *United States v. Flores*, 135 F.3d 1000, 1006-07 (5th Cir. 1998).

Court imposed a mandatory minimum sentence of twenty years imprisonment and a mandatory minimum ten years of supervised release.

Mr. Charles appealed, and the Fifth Circuit affirmed Mr. Charles's convictions, affirmed his sentence on Count 2, and remanded the matter for resentencing on Count 1 in accordance with the FSA.  Congress enacted the FSA on August 3, 2010, and it altered the amount of crack cocaine that triggers the mandatory minimum sentences set forth in 21 U.S.C. § 841.  The Supreme Court held that "Congress intended the Fair Sentencing Act's more lenient penalties to apply to those offenders whose crimes preceded August 3, 2010, but who are sentenced after that date."[31]  Accordingly, the Fifth Circuit held that the FSA's revisions to 21 U.S.C. § 841 applied to Mr. Charles.

Under revised Section 841, the penalty for Count 1 includes five years of imprisonment to be followed by at least four years of supervised release.  When a defendant has a prior felony drug conviction, as Mr. Charles does, Section 841 provides for a penalty for Count 1 of a mandatory ten-year minimum sentence to be followed by at least eight years of supervised release.  Therefore, when the matter was remanded for resentencing, Mr. Charles was sentenced to the mandatory minimum ten years in prison, and the Court did not shorten the period of supervised release that was previously ordered.

---

[31]      *Dorsey v. United States*, ___ U.S. ___, 132 S.Ct. 2321, 2331 (2012).

Mr. Charles now argues that, just as the period of imprisonment was reduced when he was resentenced, the length of his supervised release should also have been reduced to the statutory minimum.  In order to present this argument by means of a Section 2255 motion, Mr. Charles argues that his counsel was ineffective.  More particularly, he argues that had his attorney objected to the Court's failure to review the Section 3553(a) factors, he would have been sentenced to only eight years of supervised release.  This argument lacks merit.

Although Mr. Charles is correct that the Court did not expressly review the Section 3553(a) factors at the second sentencing, the Court did consider each of the Section 3553(a) factors when sentencing him the first time, a year and a half earlier.  (Rec. Doc. 192 at 24, 41-47, 147, 150, 151, 153, 158, 163).  In fact, Mr. Charles's counsel argued with regard to the Section 3553(a) factors (Rec. Doc. 192 at 111) at the first sentencing hearing, and the Court stated, on the record, that "I have considered all of the 18 U.S.C. § 3553(a) factors. . . ." (Rec. Doc. 192 at 163).  At the second sentencing hearing, the Court said, "Now the changes as to supervised release, it would be the same statutory provisions and guideline calculations as before under supervised release." (Rec. Doc. 217 at 5).  This statement does fail to recognize that the mandatory minimum amount of supervised release was reduced from ten years to eight years under the FSA.  Furthermore, the Court's statement of reasons misstates

-13-

the supervised release range as being ten year to life when it was actually eight years to life.  (Rec. Doc. 202 at 2).  However, the Court also said, "Now, additionally, I need to address supervised release.  You will have the same conditions of supervised release, the same amount of supervised release as was in your original sentence, same conditions, same amount."  (Rec. Doc. 217 at 8).  After ascertaining that the amount and conditions of supervised release had previously been explained to Mr. Charles, the Court also said, "I'm not going to go back through it point by point, but that has already been explained to you point by point once, correct?"  Mr. Charles answered, "Yes, ma'am."  The implication is that the analysis of the Section 3553(a) factors that went into crafting the original sentence in June 2011 remained the same in December 2012, the time of the second sentencing.  The only thing that was changed was the mandatory minimum prison term for Count 1 in accordance with the FSA as required by the Fifth Circuit.

The Court issued a statement of reasons in connection with both sentencings. In both, the Court indicated that the presentence investigation report was adopted without change.  (Rec. Doc. 178 at 1; Rec. Doc. 202 at 1).  In both statements of reasons, the Court noted that the total offense level was 26, and the criminal history category was II.  (Rec. Doc. 178 at 2; Rec. Doc. 202 at 2).  In the first statement of reasons, the Court noted that the imprisonment range was 240 months to life while

-14-

the supervised release range was ten years to life.  (Rec. Doc. 178 at 2).  In the second statement of reasons, the Court noted that the imprisonment range was 120 months to life and erroneously noted that the supervised release range was ten years to life. (Rec. Doc. 202 at 2).  The second statement of reasons should have shown the supervised release range as eight years to life.[32]

Because Section 841, as revised by the FSA, does not preclude terms of supervisory release that are greater than eight years in length, however, the Court's sentencing Charles to serve ten years of supervised release with regard to Count 1 of the indictment was not erroneous.  A district court has wide discretion in imposing terms and conditions of supervised release.[33]

Charles contends that his lawyer was ineffective because he failed to object to the Court's failure to expressly address the Section 3553(a) factors at the second sentencing.  When imposing a sentence of imprisonment, a federal court must consider the factors enumerated in 18 U.S.C. § 3553(a).[34] But, since a review of those factors supported a supervised release term of ten years at the first sentencing, there is no basis for contending that a review of the factors at the second sentencing would

---

[32]       21 U.S.C. § 841(b)(1)(B).

[33]       *United States v. Paul*, 274 F.3d 155, 164 (5th Cir. 2001).

[34]       *United States v. Wooley*, 740 F.3d 359, 363 (5th Cir. 2014).

have yielded a different result.  To prevail, Mr. Charles must show not only that his lawyer was deficient, but also that his lawyer's errors or deficiencies resulted in him being prejudiced.  For example, an attorney's deficient performance at sentencing prejudices his client when it leads to any increase in the length of jail time.[35]  Even if Mr. Charles's attorney was deficient for failing to object to the Court's failure to specifically address the Section 3553(a) factors, however, that failure did not result in an increase in Mr. Charles's jail time or in the length of his supervised release.  The length of supervised release remained the same.  Furthermore, since there is no evidence that the Court would have ordered less than ten years of supervised release if an objection had been made at the second sentencing, Mr. Charles cannot meet his burden of establishing that he was prejudiced by any deficiency on his attorney's part. Even if counsel is proven deficient, a petitioner must prove prejudice.  To prove prejudice, Mr. Charles would have had to show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors."[36]  It is not sufficient to establish the mere possibility of a different outcome.[37]

---

[35]     *Glover v. United States*, 531 U.S. 198, 203 (2001); *United States v. Herrera*, 412 F.3d 577, 581 (2005).

[36]     *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir.1999), (citing *Strickland v. Washington*, 466 U.S. at 694).

[37]     *Crane v. Johnson*, 178 F.3d at 312, (citing *Ransom v. Johnson*, 126 F.3d 716, 721 (5th Cir.), *cert. denied*, 522 U.S. 944 (1997)).

"Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'"[38]  Mr. Charles has made no such showing. Accordingly, his argument lacks merit.

## CONCLUSION AND RECOMMENDATIONS

For the foregoing reasons, it is the recommendation of the undersigned that the defendant's motion to vacate, set aside, or correct sentence (Rec. Doc. 202) be DENIED.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals.  Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.  *See* 28 U.S.C. § 2253(c)(2).  A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

---

[38]     *Crane v. Johnson*, 178 F.3d at 312 ( quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.  See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana this 10th day of October, 2014.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

COPY SENT:

DATE:   10/10/2014
BY:        EFA
TO:        RFD

cg

-18-